IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMELO MARRERO ORTIZ<br>Plaintiff<br>vs<br>UNITED STATES OF AMERICA<br>Defendant | CIVIL 16-2289CCC<br>(Related Cr. 14-0259CCC) |

**OPINION AND ORDER**

Before the Court is petitioner's Motion for 28 U.S.C. § 2255(f)(3) Relief Based Upon Johnson v. United States (**d.e. 1**) and the United States' Motion to Dismiss Petitioner's Motion (**d.e. 4**). For the reasons discussed below, the Court orders that the Motion to Dismiss (**d.e. 4**) be and is hereby GRANTED and that petitioner's Motion (**d.e. 1**) be DISMISSED.

**I.   BACKGROUND**

On February 27, 2015, the Court sentenced petitioner to ninety-six (96) months of imprisonment (Criminal 14-0259, d.e. 44, p. 2) after he pled guilty to possession of a firearm "in furtherance of a drug trafficking crime" in violation of 18 U.S.C. § 924(c)(1) (Criminal 14-0259, d.e. 31, p. 2). Petitioner filed this 28 U.S.C. § 2255 motion seeking that his sentence be vacated under Johnson v. United States, ___ U.S. ____, 135 S.Ct. 2551 (2015), based on the fact that he was convicted under Section 924(c).

**II.   DISCUSSION**

In Johnson v. United States, ___ U.S. ____, 135 S.Ct. 2551 (2015), the U.S. Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ____,

CIVIL 16-2289CCC                                2
(Related Cr. 14-0259CCC)

135 S.Ct. at 2555-63.  The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies."  It defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>."  18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added).  The underlined portion is known as the ACCA's "residual clause."  The Supreme Court has determined that the ACCA's "residual clause" is unconstitutionally vague because its application was too "wide- ranging" and "indeterminate."  Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review.  <u>Welch v. United States</u>, ___ U.S. ____, 136 S.Ct. 1257, 194 L.Ed. 2d 387 (2016).

Section 924(c)(1)(A), under which Petitioner was convicted, prohibits the possession of a firearm in furtherance of a "crime of violence" or a drug trafficking crime.  Section 924(c)(3) defines "crime of violence" as "an offense that is a felony and - (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) that <u>by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense</u>."  18 U.S.C. § 924(c)(3)(B)(emphasis added).  As stated, the underlined portion is the "residual clause" of Section 924(c)(3).  Petitioner, however, was convicted and sentenced under 18 U.S.C. § 924(c)(1)(A)'s provision pertaining to the <u>use of a firearm</u> during and in relation to a drug crime.  <u>See</u> <u>United</u>

CIVIL 16-2289CCC                                        3
(Related Cr. 14-0259CCC)

States v. Hare, 820 F.3d 93, 105-06 (4th Cir. 2016) (declining to address the merits of defendant's Johnson claim where defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime).  As neither Petitioner's conviction nor sentence rest upon Section 924(c)'s definition of a "crime of violence," Johnson is inapplicable to the circumstances of his case.

### III. CONCLUSION

For the reasons stated, the Court GRANTS the United States' Motion to Dismiss (**d.e. 4**) and DISMISSES petitioner's Motion (**d.e. 1**), WITH PREJUDICE.  Judgment to be entered on this same date.

The Court also NOTES that petitioner offered to supplement his Motion (**d.e. 1**) if necessary and deems it unnecessary.

SO ORDERED.

At San Juan, Puerto Rico, on August 1, 2019.

                                                                S/CARMEN CONSUELO CEREZO
                                                                United States District Judge